IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Daria F.,[*] | ) | Case No. 8:21-cv-03461-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion, through her attorney ("Counsel"), for attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 21.] Counsel seeks attorney's fees in the amount of $14,380.75, and to refund to Plaintiff $9,480 in fees previously paid to the Counsel under the Equal Access to Justice Act ("EAJA"). [Doc. 21-1 ¶¶ 2, 7; *id.* at 3.] The Commissioner neither supports nor opposes the motion. [Doc. 22 at 1.] Upon review of the motion and the applicable law, the Court finds that an award of $14,380.75 is reasonable.

**Consideration of Attorney's Fees Motion under 42 U.S.C. § 406(b)**

Section 406(b) caps an attorney's fee award at 25% of the claimant's past-due benefits. In addition, as an independent check, § 406(b) directs courts to review contingency fee agreements to ascertain whether they yield a reasonable result.

---

[*] The caption is modified to refer to Plaintiff by her first name and last initial consistent with the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the Unite States due to significant privacy concerns in Social Security cases. *See Tara M. v. Kijakazi,* No. 8:20-3363-BHH, 2021 WL 4777363, at *1 n.1 (D.S.C. Oct. 13, 2021).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Therefore, contingency fee agreements in Social Security cases must meet two requirements: (1) the fee must not exceed 25% of the claimant's past-due benefits, and (2) the fee must be reasonable.  *Id.*

In *Gisbrecht*, the United States Supreme Court did not provide factors to assess the reasonableness of a contingency fee agreement but stated that district courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.* at 808.  That said, the Fourth Circuit has considered the following factors relevant to the district court's reasonableness inquiry: "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005).  Relatedly, a reduction in the contingent fee may be appropriate

> when (1) the fee is out of line with "the character of the representation and the results . . . achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case."

*Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

The contingency fee agreement between Plaintiff and Counsel provided "that the attorney shall charge and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and her family if she won her case."  [Doc. 21-1 ¶ 3; *see* Doc. 21-2.]  "Total past due benefits for Plaintiff were $94,323.00 for June 2020 through October 2025, based on the December 17, 2025, SSD Notice of Award, received on December 22, 2025."  [Doc. 21-1 ¶ 4.]  Accordingly, the maximum fee the Court may award under 42 U.S.C. § 406(b) is $23,580.75.  [*Id.* ¶ 5.]

Further, the requested attorney's fee is reasonable because of the skill required of Counsel in this case, the amount of time spent on the case, Counsel's experience in Social Security cases, and the favorable result obtained for Plaintiff.  The case required an attorney with in-depth knowledge of Social Security disability representation, and Counsel provided approximately 39.8 hours of attorney services and 7.5 hours of paralegal services before the district court [*see id.* ¶ 9; Doc. 21-4]—without any undue delays causing benefits to accumulate.  Counsel obtained a favorable result for her client. [Doc. 21-1 ¶ 4.]  As a result, Counsel's fee in the amount of $14,380.75 is reasonable and does not warrant reduction for the reasons articulated in *Gisbrecht*.

Accordingly, Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) [Doc. 21] is granted, and Counsel is awarded attorney's fees in the amount of $14,380.75. This amount shall be paid out of Plaintiff's past-due benefits in accordance with agency policy.

**Refund of EAJA Fees**

Pursuant to 42 U.S.C. § 406(b)(1)(A), "no other fee may be payable or certified for payment for representation" except for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ."  An uncodified 1985 amendment to the EAJA provides for the making of fee awards under both the EAJA and 42 U.S.C. § 406(b), but it requires the claimant's attorney to "refun[d] to the claimant the amount of the smaller fee."  *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (internal quotation marks omitted).  "Because the Social Security Act (SSA) and the [EAJA] both allow attorneys to receive fees for successful Social Security representations, Congress enacted a savings provision to prevent attorneys from receiving fees twice for the same

work on behalf of a claimant." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012) (internal quotation marks omitted).

Counsel previously received an EAJA fee and agrees that it should be refunded to Plaintiff.   [Doc. 21-1 ¶ 2; *id.* at 3.]   Accordingly, upon receipt of the $14,380.75 fee approved herein, Counsel shall refund Plaintiff the $9,480 in fees paid to her under the EAJA.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 7, 2026
Greenville, South Carolina